IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ERIC DWAIN AYERS,

    Plaintiff,

    v.                                                                 No. 17-CV-00024-MV-WPL

CITY OF ALBUQUERQUE,
BERNALILLO COUNTY, DISTRICT
ATTORNEY'S OFFICE, PUBLIC
DEFENDER'S OFFICE,
METROPOLITAN DETENTION
CENTER,

    Defendants.


## ORDER TO SHOW CAUSE

    This matter is before the Court, *sua sponte*. On January 5, 2017, Plaintiff Eric Dwain Ayers filed a Prisoner's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants City of Albuquerque, Bernalillo County, District Attorney's Office, Public Defender's Office, and Metropolitan Detention Center. [Doc. 1] Plaintiff was incarcerated at the Metropolitan Detention Center at the time of filing, has been granted leave to proceed in *forma pauperis*, and is representing himself *pro se* in this proceeding. The Court will take judicial notice of the fact that, on June 21, 2017, Plaintiff filed a second civil rights action in the United States District Court for the District of New Mexico. *See Ayers v. D. Torrez, et al.*, 17-CV-00670-WJ-LF (D.N.M. June 21, 2017); *see also Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) ("The court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"). Plaintiff was incarcerated at the Metropolitan Detention Center at the time he filed his second civil rights action and the mailing address on the docket for

the two actions is the same.

In *Ayers v. D. Torrez, et al.*, 17-CV-00670-WJ-LF, certain mailings to Plaintiff were returned as undeliverable with the notation that Plaintiff is "NOT IN CUSTODY" at the Metropolitan Detention Center. *See Ayers v. D. Torrez, et al.*, 17-CV-00670-WJ-LF, Docs. 11, 12, 13. United States Magistrate Judge Laura Fashing noted that "[i]t appears that Plaintiff has been transferred or released from custody without advising the court of his new address, as required by D.N.M.LR-Civ. 83.6, thus severing contact with the Court. *Ayers v. D. Torrez, et al.*, 17-CV-00670-WJ-LF, Doc 14. Judge Fashing ordered Plaintiff to "notify the Clerk in writing of his current address or otherwise show cause why this action should not be dismissed." *Id.* As of this date, Plaintiff has not updated his address with the Court.

Local Rule 83.6 of the United States District Court for the District of New Mexico requires, in relevant part, all "parties appearing *pro se*" to "notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses." D.N.M.LR-Civ. 83.6. It appears that Plaintiff is no longer incarcerated at the Metropolitan Detention Center, but Plaintiff has failed to inform the Court of his current mailing address, as required by Local Rule 83.6. Therefore, the Court will require Plaintiff to notify the Clerk of Court, in writing, of his current mailing address or otherwise show cause why this civil rights action should not be dismissed pursuant to Fed. R. Civ. P. 41(b). *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (holding that the *pro se* plaintiff had the burden of filing a notice of change of address with the court in accordance with the court's local rule).

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this

Order, Plaintiff shall notify the Clerk of Court, in writing, of his current address or otherwise show cause why this action should not be dismissed.

_____
UNITED STATES MAGISTRATE JUDGE